UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROBERT LANDIS WILLIAMS, III,

    Plaintiff,

v.                                                                     Case No. 5:14cv90/RS/CJK

GARRY NEIL DRUMMOND, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

      On April 22, 2014, the undersigned entered an order (doc. 4) advising plaintiff that his complaint, filed under 42 U.S.C. § 1983, was largely illegible and indecipherable, because of plaintiff's handwriting and crowding of words on the page and also because of the content.  The undersigned informed plaintiff that he would be required to correct the deficiency in an amended complaint, instructed the clerk's office to forward a civil rights complaint form to plaintiff, and instructed plaintiff as to the manner in which to complete the form.  The undersigned also warned plaintiff that failure to submit an amended complaint as instructed would result in a recommendation that the case be dismissed.

      In response to the undersigned's order, plaintiff filed an amended complaint (doc. 5).  He then filed a Motion to Proceed Pro Se (doc. 6), which the court construed as a motion for leave to amend.  The undersigned entered an order (doc. 7)

advising plaintiff that his motion for leave to amend was defective because the proposed second amended complaint was not attached, as required by the court's Local Rules. The court instructed the clerk to forward plaintiff another civil rights complaint form and allowed plaintiff fourteen days within which to file his proposed second amended complaint.

After more than fourteen days passed and plaintiff failed to file a second amended complaint, the court entered another order (doc. 8) advising plaintiff that it would proceed based upon plaintiff's first amended complaint and that, like his initial complaint, plaintiff's first amended complaint was largely illegible and indecipherable. The undersigned explained that he is well-experienced in interpreting pleadings filed by pro se litigants, recognizes that certain niceties of spelling and grammar may not be the same in such pleadings as in those crafted by lawyers, and that the undersigned and his staff make every effort to review and understand the pleadings of pro se litigants. The undersigned also explained, however, that plaintiff's complaint essentially was gibberish. Specifically, the undersigned pointed out that plaintiff's writing was largely indecipherable; that little, if any, of the pleading was organized into sentences; that the side and bottom margins of the pleading were literally crammed with what appeared to be words and phrases; and that the fact section, rather than beginning with a statement of factual matters, immediately devolved into statements concerning the Americans with Disabilities Act and the Clean Air Act, as well as the "Whistle Blower Act of 1863 as amended," with later mention of the "Geneva Convention." The undersigned allowed plaintiff a final opportunity to correct the deficiency through the filing of a second amended complaint and again instructed plaintiff as to the manner in which he should do so, including a warning that the court must, at the least, be able to determine who is being sued and why. The undersigned also again advised that plaintiff must limit his

Case No: 5:14cv90/RS/CJK

allegations to claims related to the same basic incident or issue and name as defendants only those persons who are responsible for the alleged constitutional violations.

Plaintiff field a second amended complaint (doc. 9) within the time allowed and then a third amended complaint (doc. 10) several months later. The third amended complaint, which now is the operative pleading, suffers from at least some of the same deficiencies as plaintiff's prior complaints. Like his previously filed complaints, plaintiff's third amended complaint is essentially gibberish. Although the bulk of the complaint is typed, little, if any, of the pleading is organized into sentences, much less coherent sentences. What appears to be the actual complaint, as opposed to the voluminous exhibits attached to the complaint but not referenced anywhere therein, appears repeatedly, interspersed between random documents, including at least one prior version of plaintiff's complaint, correspondence regarding a claim for insurance proceeds, and documents pertaining to plaintiff's arrest for aggravated assault with a deadly weapon. Again, rather than setting forth a coherent statement of facts and statement of the causes of action he alleges, plaintiff immediately devolves into statements concerning the Clean Air Act, the "Whistle Blower Act of 1863," and his apparent involuntary commitment to a mental health facility. Plaintiff also references a telephone call from a jail in Auburn, Alabama, to the White House.

It has become clear that plaintiff is unable to fashion a coherent complaint. Despite having spent substantial parts of several days reviewing this matter, the undersigned cannot determine who the defendants are, what causes of action plaintiff intends to assert, what are the operative facts, or what remedies plaintiff seeks. In fact, it appears that plaintiff believes he is proceeding in the United States Supreme Court. Not only does the complaint fail to state a claim upon which relief can be

Case No: 5:14cv90/RS/CJK

granted, therefore, but it cannot be served, because the undersigned cannot determine who the actual defendants are.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice for failure to comply with an order of the court and/or failure to state a claim upon which relief can be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 26th day of March, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No: 5:14cv90/RS/CJK